[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12911
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00282-MCR-EMT

ERICA JONES,

Plaintiff-Appellant,

versus

STOA INTERNATIONAL/FLORIDA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 8, 2011)

Before EDMONDSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Erica Jones appeals the district court's dismissal of her complaint, pursuant to

Fed.R.Civ.P. 12(b)(6), in her Americans with Disabilities Act ("ADA") suit against

her former employer, STOA International/Florida, Inc. ("STOA"). In her amended complaint Jones alleged that STOA violated the ADA by firing her based on a disability or perceived disability stemming from a highly contagious staph infection that kept her out of work for 10 days. On appeal, Jones argues that the district court erred in granting STOA's motion to dismiss because she sufficiently alleged that STOA fired her because it perceived her contagious illness as substantially limiting and preventing her from working. After thorough review, we affirm.

We review the district court's dismissal for failure to state a claim de novo, accepting the allegations in the complaint and amended complaint as true and construing those facts in the light most favorable to the plaintiff. See Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions withstand a 12(b)(6) motion to dismiss. Id. Under the standard articulated by the Supreme Court in Twombly, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

2

The ADA, which was originally enacted in 1990, prohibits employers from discriminating against persons with disabilities. 42 U.S.C. § 12101; American Ass'n of People with Disabilities v. Harris, 605 F.3d 1124, 1134 (11th Cir. 2010). "Under the controlling law in this Circuit, the burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims." See Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). In the first step of the burden-shifting analysis, the plaintiff must establish a prima facie case. "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) [s]he is disabled; (2) [s]he is a qualified individual; and (3) [s]he was subjected to unlawful discrimination because of [her] disability." Id. at 1255-56. The ADA and the regulations define "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of such impairment; or (3) being regarded as having an impairment. 42 U.S.C. §§ 12102(1) and (2); 34 C.F.R. § 104.3(j)(1); Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1215 (11th Cir. 2004).

Equal Employment Opportunity Commission ("EEOC") regulations construing the ADA previously explained that an individual "regarded as" having an impairment:

> (1) [h]as a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation; (2) [h]as a physical or mental impairment

3

that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) [h]as none of the impairments defined in paragraph (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

D'Angelo v. ConAgra Foods, 422 F.3d 1220, 1228 (11th Cir. 2005) (citing 29 C.F.R. § 1630.2(l)). Thus, an employer ran afoul of the ADA when it made "an employment decision based on a physical or mental impairment, real or imagined, that is regarded as substantially limiting a major life activity." Id. (citation omitted).[1]

For a plaintiff to prevail under the "regarded as" theory of disability, she has to establish two points: (1) that the perceived disability involves a major life activity, and (2) that the perceived disability is "substantially limiting" and significant. Sutton v. Lader, 185 F.3d 1203, 1208 (11th Cir. 1999). The ADA did not define the phrase "major life activity," but the Supreme Court has explained that "the word 'major' denotes comparative importance and suggests that the touchstone for determining an activity's inclusion under the statutory rubric is its significance." Bragdon v. Abbott, 524 U.S. 624, 638 (1998) (alteration and internal quotation marks omitted). In determining whether a physical impairment substantially limited a major life activity, the regulations instructed this Court to consider "(1) the nature and severity of the

_____

[1] The ADA was amended in relevant part, with an effective date of January 1, 2009 (after the present cause of action accrued), but the parties do not argue, and there is no indication, that Congress intended these amendments to apply retroactively.

4

impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." Sutton, 185 F.3d at 1208-09.

Accordingly, major life activities included "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." Rossbach v. City of Miami, 371 F.3d 1354, 1357-58 & n.4 (11th Cir. 2004) (relying on regulations interpreting the Rehabilitation Act because the ADA's definition of a disability is drawn almost verbatim from the Rehabilitation Act's definition of a "handicapped individual"). Moreover, the inability to perform a single, particular job did not constitute a substantial limitation in the major life activity of working. Id. at 1359. Consequently, an impairment must have precluded -- or at least be perceived to have precluded -- "an individual from more than one type of job, even if the job foreclosed is the individual's job of choice." Id.

Here, the district court did not err when it found that Jones's complaint did not allege enough facts to present a plausible case that she was disabled or had a perceived disability within the meaning of the ADA. In particular, Jones did not allege how, aside from missing work for several days, any major life activity was impaired or perceived to be impaired by her staph infection, or that she suffered or was regarded as suffering from any long-term impacts. See id. at 1357-58.

5

Likewise, it is not clear from the face of the complaint that STOA believed that one of Jones's major life activities was impaired, or that she had or was expected to have a long-term impairment resulting from her staph infection. See Sutton, 185 F.3d at 1208-09. Instead, the allegation that STOA initially allowed her to work for the remainder of the month plausibly suggests that the company did not perceive her to have a "substantially limiting" and significant disability. See id. at 1208. Nor does this plausibly show that STOA believed she was unable to perform a single, particular job, but even if it did, this would not constitute a substantial limitation in the major life activity of working. Rossbach, 371 F.3d at 1359.

**AFFIRMED.**